UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JHON EINER ZAPATA MARCHAN,[1]

Petitioner,

v. Case No. 3:26-cv-2262-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Jhon Einer Zapata Marchan, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on August 31, 2026. See generally Petition. Zapata Marchan, a citizen of Venezuela, was paroled into the United States on March 27, 2024. Id. at 10, 20; Doc. 5-2 at 1. He has a pending asylum application. Petition at 6. On August 19, 2026, United States Immigration and Customs Enforcement (ICE) detained Zapata Marchan. Id. at 6, 10. The crux of Zapata Marchan's Petition is that he is not subject to mandatory detention

---

[1] It appears that Petitioner's name is spelled incorrectly on the Court's docket. While Petitioner spells his name "Jhon Einer Zapata Marchan," Petition at 1, the Court's docket reflects that his name is spelled "Jhon Elner Zapata Marchan." Therefore, the Court will direct the Clerk of Court to correct the style of the case to reflect the proper spelling of his name.

under 8 U.S.C. § 1225(b)(2). Id. at 6, 14–17. As relief, he seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 7, 18.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Zapata Marchan, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Zapata Marchan was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. The **Clerk** is directed to correct the style of the case to reflect the proper spelling of Petitioner's name: Jhon Einer Zapata Marchan.

2. Zapata Marchan's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2]

---

[2] Because the Court finds that Zapata Marchan is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court

Within **seven days** of this Order, Respondents shall either afford Zapata Marchan an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Zapata Marchan, they shall facilitate his transportation from the detention facility.

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36

c:
Counsel of Record
Jhon Einer Zapata Marchan

need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").